David J. Linthorst
OSB #116975
JACKSON COUNTY OFFICE OF COUNTY COUNSEL
10 S. Oakdale Avenue
Medford, OR 97501
Telephone: (541) 774-6160
Facsimile: (541) 774-6722
Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| DENNIS RUSSELL HOOPER,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON COUNTY SHERIFF'S OFFICE, *et al.*<br><br>Defendants. | Case No. 1:13-cv-1400-CL<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**REQUEST FOR ORAL ARGUMENT** |

Defendants Jackson County Sheriff's Office, Sheriff Mike Winters, and Deputy Penkava (referred to collectively as "JCSO Defendants"), by and through David J. Linthorst, Assistant County Counsel at the Jackson County Office of County Counsel, respectfully submit this Memorandum of Law in Support of Defendants' Motion to Dismiss.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief… ." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that the standard set out in FRCP8(a) means that a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not

do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes omitted). A complaint that fails to "state a claim to relief that is plausible on its face" is subject to dismissal under the Federal Rules. *Iqbal*, 556 U.S. 678; Fed. R. Civ. P. 12(b)(6).

While a court evaluating a complaint for purposes of a motion to dismiss must take all of the *factual allegations* in the complaint as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 678. The complaint must state allegations of underlying facts sufficient to give fair notice to defendants in order to allow defendants to mount an effective defense. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, the factual allegations, when taken as true, "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Thus, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. 678-79.

## II. ARGUMENT

In his Complaint, Plaintiff states a single claim which includes, *inter alia*, the following allegations: (1) the allegation that the Sheriff's Office did not reimburse Plaintiff for towing and impound costs which Plaintiff allegedly incurred following Deputy Penkava's citing Plaintiff for various violations; and (2) the allegations that Sheriff Winters failed to properly train, discipline, and monitor the actions of Deputy Penkava and that Sheriff Winters condoned the "egregious acts" of Deputy Penkava. Dkt. No. 2 at 3.[1]

### A. *THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE SHERIFF'S OFFICE BECAUSE PLAINTIFF'S CLAIMS DO NOT PLAUSIBLY SUGGEST THAT PLAINTIFF IS ENTITLED TO RELIEF*

Plaintiff's unsupported allegation that the Sheriff's Office did not reimburse him for the costs of towing and impounding his vehicle is not a factual allegation that plausibly suggests that the Plaintiff is entitled to relief in any form. Even assuming that it is true that the Sheriff's Office

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The abbreviation "Dkt. No." or "Dkt. Nos." (plural) will be used to refer to docket entries in case 1:13-cv-1400-CL.

did not reimburse Plaintiff for the costs that he allegedly incurred, it is not clear from the Complaint why Plaintiff would be entitled to reimbursement from the Sheriff's Office for these costs.

    **B.**    *THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST SHERIFF WINTERS BECAUSE THE ALLEGATIONS UPON WHICH THOSE CLAIMS ARE BASED ARE NOT SUPPORTED BY FACTS AND ARE SIMPLY CONCLUSORY RECITATIONS OF THE ELEMENTS OF A CLAIM FOR MUNICIPAL LIABILITY*

Plaintiff's unsupported claims that Sheriff Winters failed to train, discipline, and monitor Deputy Penkava, and later "condoned" the actions of Deputy Penkava, are straight forward recitations of the elements of liability without any substantive factual support. Baseless accusations and legal conclusions such as these do not meet the standard of FRCP 8(a) and are consequently subject to dismissal under FRCP 12(b)(6). *Iqbal*, 556 U.S. 678.

### III.    CONCLUSION

The Court should dismiss Plaintiff's claims against defendants Jackson County Sheriff's Office and Sheriff Mike Winters because Plaintiff's allegations against the Sheriff's Office fail to plausibly suggest an entitlement to relief and Plaintiff's allegations against Sheriff Winters simply recite, in very broad and conclusory terms, a few of the elements of a cause of action for municipal liability but do not support these claims with factual allegations.

Respectfully submitted, this 23rd day of January, 2014:

                                             David J. Linthorst, OSB #116975
                                             linthodj@jacksoncounty.org
                                                    Phone: 541.774.6165
                                                         Fax: 541.774.6722
                                                        Attorney for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2014, the following recipient was served with the foregoing **MEMORANDUM IN SUPPORT OF `DEFENDANTS' MOTION TO DISMISS** by electronic means through the Court's electronic Case File system:

Dennis Russell Hooper
P.O. Box 2054
Rogue River, Oregon 97537
*Pro Se*

DATED this 23rd day of January, 2014.

David J. Linthorst, OSB #116975
linthodj@jacksoncounty.org
Phone: 541.774.6165
Fax: 541.774.6722
Attorney for Defendants