IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DENNIS RUSSELL HOOPER, | Case No. 1:13-cv-01400 |
| Plaintiff, | REPORT & RECOMMENDATION |
| v. | |
| JACKSON COUNTY SHERIFF'S OFFICE, et al, | |
| Defendants. | |

CLARKE, Magistrate Judge.

This matter comes before the Court on a motion to dismiss filed by defendants Jackson County Sheriff's Office, and Sheriff Mike Winters (#25) (collectively "JSCO defendants"). Plaintiff, proceeding pro se and in forma pauperis, asserts claims for violations of his civil rights against these two defendants, as well as defendant Deputy Penkava. For the reasons below, defendants' motion to dismiss should be GRANTED in part and DENIED in part.

Page 1 – REPORT & RECOMMENDATION

## BACKGROUND

Plaintiff alleges that on August 16, 2011, he was lawfully operating his vehicle on a highway near Rogue River, Oregon, when Jackson County Sheriff's Deputy Penkava initiated a traffic stop. Plaintiff claims that Deputy Penkava refused to tell Plaintiff the reason for the stop, instead asking Plaintiff for his license, registration, and proof of insurance. Plaintiff claims he provided valid proof of all three. Deputy Penkava nevertheless issued Plaintiff three citations for failure to have the requested documents, and he then impounded Plaintiff's vehicle. Plaintiff claims that he was acquitted of all three citations, and he attempted to be reimbursed by JCSO for the towing and impound costs and fees, but his requests were denied.

## STANDARD

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Id. (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007));

Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. Odom v. Microsoft Corp., 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

## DISCUSSION

Section 1983 liability of a local governing body arises only when "action pursuant to official . . . policy of some nature caused a constitutional tort" and not on the basis of respondeat superior. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691-99 (1978). The "official policy" requirement was intended to "distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986). The circumstances in which Monell liability may be found under § 1983 are "carefully circumscribed." Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir.1995).

A § 1983 plaintiff may establish Monell liability in one of three ways:

> (1) prove that a county employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the "standard operating procedure" of the county; (2) establish that the individual who committed the constitutional tort was an official with final policy-making authority; or (3) prove that an official

> with final policy-making authority ratified a subordinate's
> unconstitutional decision or action and the basis for it.

See Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992) (citations omitted). Whether a particular official has final policy-making authority is a question of state law. Id.

In addition to claims based on an official policy, a plaintiff may assert Monell claims based on a custom or a failure to train. "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Bd. of Cnty. Commis. v. Brown, 520 U.S. 397, 404 (1997). Similarly, "a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). But, as the Supreme Court has cautioned, "[a] municipality's culpability for deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. Thus, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purpose of failure to train." Id. at 1360 quoting Bd. of Cnty. Commis., 520 U.S. at 409.

The only allegations in Plaintiff's Complaint (#2) concerning the JCSO defendants are as follows: "Sheriff Winters failed to properly train this deputy and failed to discipline and monitor the actions of this deputy. Further, Deputy [sic] Winters condoned these egregious acts after Plaintiff informed Sheriff Winters of this and a prior constitutional violation in 2009. No corrective action was done and no restitution was offered to Plaintiff." Defendants assert that these allegations are insufficient to state a claim for relief.

The Court agrees with the defendants that it is unclear how JCSO's failure to reimburse Plaintiff for the towing and impound costs and fees amounts to a constitutional violation;

therefore, this claim should be dismissed. Additionally, Plaintiff's other allegations against the JCSO defendants are somewhat conclusory. However, construing Plaintiff's complaint liberally, as required for a plaintiff proceeding pro se, Plaintiff appears to assert a Monell ratification claim against Sheriff Winters for condoning the unconstitutional acts of his subordinate, Deputy Penkava, as well as a second Monell claim for failure to train him properly regarding constitutional traffic stops. Whether or not Plaintiff can substantiate these claims is a question to be raised on a motion for summary judgment, but at this procedural stage, the Court finds the pleadings adequate to state a claim for relief.

## RECOMMENDATION

For the reasons stated above, the court recommends the defendants' motion (#25) be GRANTED in part and DENIED in part. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

This Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from the date of this opinion. If objections are filed, any response to the objections are due fourteen (14) days after the date of the objections. See FRCP 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of April, 2014.

_____
MARK D. CLARKE
United States Magistrate Judge