IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**DENNIS HOOPER,**

    Plaintiff,

v.

**DAVID PENKAVA,**

    Defendant.

Civ. No. 1:13-cv-01400-CL

**ORDER**

CLARKE, Magistrate Judge.

On April 8, 2015, the Court held a hearing on the Order to Show Cause, issued on February 26, 2015, and Plaintiff's motion for a new trial (#127), filed on March 9, 2015. Defendant filed responsive documents the morning of the hearing. Defendant Deputy Penkava and Attorney Ryan Kirchoff presented sworn testimony and argument regarding the concerns raised by the Court, as well as issues raised by Plaintiff Dennis Hooper's motion for a new trial. Mr. Hooper was also present, and participated in the hearing.

Page 1 – ORDER

## LEGAL STANDARD

"The court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1). Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving. Coach, Inc. v. Siskiyou Buckle Co., 2012 WL 5303662, at *1 (D. Or. Oct. 25, 2012) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007)). Even if a verdict is supported by substantial evidence, the court may grant a motion for a new trial if it concludes that the verdict is against the clear weight of the evidence, is based on evidence which is false, or to prevent a miscarriage of justice. Roy v. Volkswagen of Am., Inc., 896 F.2d 1174, 1176 (9th Cir.), amended on other grounds on denial of reh'g, 920 F.2d 618 (9th Cir.1990), cert. denied, 500 U.S. 928 (1991). The court can weigh the evidence and assess the credibility of the witnesses. Id. The court is not required to view the evidence from the perspective most favorable to the prevailing party. Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987); see also Bippes v. Hershey Chocolate U.S.A., 180 F.R.D. 386, 388-89 (D. Or. 1998).

## DISCUSSION

### I. Order to Show Cause

The concerns raised by the Court are well detailed in the Order to Show Cause (#125), and the Court will not repeat them all here. The main issue revolves around a declaration submitted by the defendant in support of his motion for summary judgment, which the Court has determined to be materially inaccurate, particularly in paragraphs 5 & 6. These paragraphs state in full:

> 5. Prior to this particular encounter on August 16, 2011, I had stopped and issued citations to Hooper on various occasions, including, but not limited to operating a motor vehicle without a valid Oregon drivers license. Based on such personal knowledge in the course of my duties as a patrol deputy, I knew that Hooper had no valid Oregon drivers license and that he had resided in Oregon for at least six months.
> 6. I previously cited Hooper for operating a motor vehicle without a valid Oregon drivers license on January 29, 2009.

Penkava Declaration (#42-2).

At the hearing, Deputy Penkava and Mr. Kirchoff provided some explanations for the submission of the inaccurate declaration. First, Mr. Kirchoff contends that at the time defendant Penkava filed his motion for summary judgment, defendant did not place a particularly high degree of relevance on the above paragraphs, as they were submitted only to show that defendant was generally familiar with Plaintiff and his vehicle. Defendant did not believe probable cause for the traffic stop was the central issue. Instead, defendant viewed the issue as whether plaintiff could legally drive in Oregon with a Georgia driver's license. Although the Court accepts this explanation as true, the Court does not understand why relevance, or lack thereof, in any way reduces the importance of the accuracy of a declaration under oath.

Additionally, probable cause for the stop was, from the Court's perspective, the central issue at summary judgment. The only basis in the summary judgment record for probable cause for the August 2011 traffic stop were the 2009 encounters the defendant alleged he had with Plaintiff, as set forth in paragraphs 5 & 6 of the declaration. There was curiously no evidence at summary judgment of any conversations about Plaintiff within the Sheriff's Department about a month before the 2011 stop, which was the testimony of the defendant and Lt. Clark at trial. Defendant says that was not included for the same relevance reason set forth above.

Page 3 – ORDER

Second, Mr. Kirchoff explains that he mixed up the January 1, 2009 incident involving a domestic dispute at Mr. Hooper's residence with a January 29, 2009 incident involving a traffic stop with Mr. Hooper. Deputy Penkava issued Mr. Hooper a citation at the January 1 incident, which was not a traffic stop, but he was not directly involved in the January 29 traffic stop incident, and he did not issue any citation at that time.

However, such a "mix-up" should not have been maintained in the face of extensive briefing of the summary judgment motion. It may be that defendant and defense counsel simply did not give sufficient attention to the filings of Plaintiff Hooper: Plaintiff pointed out the discrepancy in both his response to the defendant's motion and in his motion to strike the declaration. Beyond these obvious indications, there are the simple facts that 1) unlike the January 29 incident, the January 1 incident was not a traffic stop (the clear implication from the declaration), and 2) the citation written by Deputy Penkava on January 1 – the only one ever written by him to Mr. Hooper – was not pursued by the district attorney's office and was ultimately dismissed.[1] By contrast, the January 29 incident was pursued, and ultimately resulted in Mr. Hooper's conviction as stated in paragraph 6.

In fairness, Deputy Penkava points out that he was involved in the January 29 incident, albeit indirectly: he saw Mr. Hooper's vehicle outside of the courthouse and called it in to dispatch, causing two other deputies to initiate the stop. Additionally, Mr. Kirchoff argues, again, that the point of the declaration was not to show that Deputy Penkava had initiated a traffic stop, precisely, nor was it intended to show that he actually cited Mr. Hooper. Instead, the declaration was intended to show that he had previous contacts with Mr. Hooper that allowed

---

[1] Plaintiff claims he never saw the January 1 citation and it is unclear whether it was produced in discovery, but in any case, it is clear that Deputy Penkava did not issue the January 29 citation.

Page 4 – ORDER

him to recognize his face and his vehicle. Thus, Mr. Kirchoff argues that it was not material, or even relevant, that the two incidents were transposed in the declaration.

These explanations provide some context for the issues at hand. However, while Mr. Kirchoff disputes the relevance of the declaration to the motion and its materiality to the trial and ultimate verdict, he shows little concern for the basic fact which remains: the declaration was inaccurate. Mr. Kirchoff's only response is that he did not have an opportunity to correct the record because the Court did not allow the defendant to file a second motion for summary judgment. However, nothing prevented Mr. Kirchoff from filing an amended or supplemental declaration at any time prior to trial.

The integrity of the civil justice system depends on accuracy in oral and written filings with the Court. Without question, the defendant and defense counsel did not give enough attention to the accuracy of the declaration. However, the Court believes their assertions that they did not at any time intend to mislead the Court. Therefore, the Court will not hold defendant or defense counsel in contempt or impose sanctions at this time.

## II.     Motion for a New Trial

Whether to order a new trial is a difficult issue. The Court has some concern about the overly aggressive effort of defense counsel from opening statement onward to paint plaintiff as a frequent and vexatious litigator and overall "bad person." While some of the arguments and evidence were relevant in whole or part, some were not and were at times unduly inflammatory. The underlying theme or tone was that plaintiff sues everyone. Although the court recognizes the history between plaintiff and the Sheriff's Department, Plaintiff, like all parties, is entitled to fundamental civility and fairness and every case should be judged on its merits.

The Court also has concerns that the inaccurate declaration and new probable cause theory at trial were not clearly presented to the jury. However, excerpts of Deputy Penkava's deposition, in which the Deputy admitted that there were "miscommunications" in his declaration, were introduced at trial. Therefore, the accurate facts ultimately came before the jury for consideration.

The Court is also sensitive to other concerns raised by Mr. Hooper in his motion for a new trial. First, Mr. Hooper points to potential evidence regarding the disciplinary record of Lieutenant Marty Clark, who testified as a hostile witness and corroborated Deputy Penkava's statements regarding a conversation about Mr. Hooper in the Sheriff's Department shortly before the August, 2011 stop– the defendant's primary basis for probable cause for the stop at trial. Mr. Hooper claims Lt. Clark is being investigated regarding the improper issuance of traffic citations, and he believes this information could have been used to impeach his credibility. Instead, at trial, Mr. Hooper was not allowed to cross examine the witness on this issue due to defense counsel's assurances to the Court that Lt. Clark was placed on administrative leave for reasons unrelated to the case at hand.

Second, Mr. Hooper raises the fact that the defendant did not indicate in any pretrial filings that he would rely on Department conversation about Mr. Hooper to establish probable cause for the stop. Particularly, Mr. Hooper notes that there has never been any indication that the defendant would rely on some history of parking tickets as an impetus for the Sheriff's Department's discussion of Mr. Hooper amongst the deputies and other personnel. The Court notes that, indeed, despite extensive briefing on the issue of probable cause, no parking tickets or resulting conversation were ever mentioned, nor were they given in any pretrial witness

statements. Mr. Hooper did have notice of this assertion, however, when he deposed Deputy Penkava, and therefore the assertion could not have been a total surprise.

## CONCLUSION

While defense counsel may be understandably frustrated with Mr. Hooper's history of litigation against the County, his disdain for the Plaintiff's claims is not shared by the Court. Additionally, Mr. Kirchoff's cavalier attitude throughout the proceedings in this case is extremely disappointing. Not only did he fail to correct the record, and attempt to shift responsibility to other parties, including the Court, he failed to even file a response to the Court's Order to Show Cause until the morning of the hearing – nearly six weeks later. In any case, regardless of the level of respect for the opponent's claims, the Court expects counsel, and all officers of the court, while being strong advocates, to maintain a certain level of professionalism and respect for all parties and the institution of the United States District Court.

Nevertheless, the Court finds it likely that the blunders in this case were oversights, and not indications of intentional malice or bad faith. The Court is confident that moving forward, defense counsel, who is a capable attorney, and deputy Penkava, will strive to maintain the level of professionalism and respect due the civil justice system. Certainly, the Court is hopeful that Mr. Kirchoff will give much more close attention to the filings made in this Court. Therefore, the Court declines to impose sanctions or hold any party in contempt at this time.

The Court finds that Plaintiff Hooper did a reasonably good job representing himself and overall had a fair trial. The Court respects the jury in this case and its verdict. The verdict is supported by the evidence at trial. The Court intends at this point to deny the motion for new trial. However, before doing so, the Court orders the Jackson County Sheriff's Office to produce all records concerning the administrative leave of Lt. Clark for an in camera review by the Court.

## ORDER

The Court dismisses its Order to Show Cause. The Jackson County Sheriff's Office shall produce within 10 days of this order, all records concerning the administrative leave of Lt. Clark.

IT IS SO ORDERED and DATED this 4 day of May, 2015.

MARK D. CLARKE
United States Magistrate Judge

Page 8 – ORDER